UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| DAMON DURHAM, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) **VERIFIED COMPLAINT** |
| MONARCH RECOVERY MANAGEMENT, INC., | ) **(Unlawful Debt Collection Practices)** ) ) |
| Defendant. | ) |

## PLAINTIFF'S VERIFIED COMPLAINT

DAMON DURHAM (Plaintiff), through attorneys, KROHN & MOSS, LTD., alleges the following against MONARCH RECOVERY MANAGEMENT, INC. (Defendant):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. (FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Defendant conducts business in the state of Texas; therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

### PARTIES

5. Plaintiff is a natural person residing in Shiner, Lavaca County, Texas.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

1

7. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiff.

8. Plaintiff is informed and believes, and thereon alleges, that Defendant is a collections business with an office in Philadelphia, Pennsylvania.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. In or around August of 2011, Defendant began placing calls to Plaintiff seeking and demanding payment on a debt allegedly owed to Capital One.

11. Defendant calls Plaintiff from 800-503-3852, and possibly other numbers also.

12. Since the earliest calls, Plaintiff has explained to Defendant that the state statute of limitations on the debt has long since lapsed; that he refuses to pay anything on the debt, and that further calls cease.

13. Defendant has called Plaintiff on his cell phone, a number ending in 0450, before 8:00 A.M., including a call on or around September 2, 2011 and one on September 14, 2011 (*See* photo of caller I.D. as exhibit "A" hereto).

14. On or around September 15, 2011, Defendant's representative, Ron, told Plaintiff that the statute of limitations does not apply to Defendant; that the statute was "null and void," and that Defendant would continue to try to collect.

15. Plaintiff has repeatedly asked for Defendant's mailing address or fax number, which Defendant has refused to provide.

16. Defendant has repeatedly threatened to take "legal action" against Plaintiff unless payment was made. To date, no such action has been commenced.

## COUNT I:
## DEFENDANT VIOLATED THE FAIR DEBT
## COLLECTION PRACTICES ACT

17. Defendant violated the FDCPA based on, but not limited to, the following:

   a. Defendant violated §1692c(a)(1) of the FDCPA by communicating with a consumer in connection with the collection of a debt at a time or place known or which should be known to the debt collector to be inconvenient, including before 8 o'clock antemeridian, local time at the consumer's location.

   b. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

   c. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person called at that number;

   d. Defendant violated § 1692e of the FDCPA through the use of false, deceptive, or misleading representation or means in connection with the collection of any debt; and

   e. Defendant violated §1692e(5) of the FDCPA by threatening to take any action that cannot be legally taken or is not intended to be taken.

WHEREFORE, Plaintiff, DAMON DURHAM, respectfully requests judgment be entered against Defendant, MONARCH RECOVERY MANAGEMENT, INC., for the following:

18. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

19. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and

20. Any other relief this Court deems appropriate.

RESPECTFULLY SUBMITTED,

By: <u>*/s/ Michael S. Agruss*</u>
Michael S. Agruss
Krohn & Moss, Ltd
10 N. Dearborn St.
3rd Floor
Chicago, IL 60602
Tel: 323-988-2400 x235
Fax: 866-620-2956
magruss@consumerlawcenter.com

PLAINTIFF'S VERIFIED COMPLAINT

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF TEXAS    )
                  )
COUNTY OF         )

Plaintiff, DAMON DURHAM, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, DAMON DURHAM, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

09/20/2011
Date

DAMON DURHAM